**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000510
24-DEC-2018
08:01 AM**

NO. CAAP-15-0000510

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PETER GELSEY, Plaintiff-Appellant,
v.
KA ONO ULU ESTATES COMMUNITY ASSOCIATION, INC.,
Defendant-Appellee,
and
JOHN DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS
1-50; DOE ENTITIES 1-50 and DOE GOVERNMENTAL UNITS 1-50,
and all other persons unknown claiming any right, title,
estate, or interest in the subject proceedings, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P. NO. 14-1-0083(1))


MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Reifurth and Hiraoka, JJ.)

Plaintiff-Appellant Peter Gelsey (**Gelsey**) appeals from
the Final Judgment (**Judgment**) in favor of Defendant-Appellee
Ka Ono Ulu Estates Community Association, Inc. (**Association**)
entered by the Circuit Court of the Second Circuit (**Circuit
Court**)[1] on June 10, 2015. Gelsey raises four points of error:

1. the Circuit Court erred in dismissing his
Complaint and Petition for Contract Enforcement (**Complaint**) by
concluding that it was not a proceeding listed under Hawai'i
Rules of Civil Procedure (**HRCP**) Rule 81(b);

2. the Circuit Court erred in dismissing his
Complaint pursuant to HRCP Rule 12(b)(6) by concluding that it

---

[1] The Honorable Rhonda I.L. Loo presided.

failed to state a claim upon which relief could be granted;

3. the Circuit Court erred in denying his Motion for Reconsideration and Leave to Amend Petition and Complaint (**Motion to Amend**); and

4. the Circuit Court erred in awarding attorneys' fees and costs to the Association.

Upon careful review of the record and the parties' briefs, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we hold as follows: **(a)** the Circuit Court erred in dismissing the Complaint; and **(b)** the award of attorneys' fees and costs to the Association is vacated, subject to any party's right to request an award of attorneys' fees and/or costs pursuant to HRCP Rule 54(d) at the appropriate time. Because the dismissal is vacated we need not address the Circuit Court's denial of Gelsey's Motion to Amend.

## PROCEDURAL HISTORY

On December 29, 2014, Gelsey – who was self-represented – filed the Complaint against the Association. The action was docketed as Special Proceeding No. 14-1-0083(1). The Association was served on December 30, 2014. On January 20, 2015, the Association filed a Motion to Dismiss Complaint and Petition (**MTD**). On February 4, 2015, Gelsey filed "Plaintiff Peter Gelsey's Motion for Summary Judgment" (**MSJ**).

Both motions were heard on March 10, 2015. Gelsey failed to request a transcript of proceedings, but it appears that the Circuit Court orally granted the Association's MTD and denied Gelsey's MSJ[2] because on March 13, 2015, Gelsey filed the Motion to Amend.

The order granting the Association's MTD and denying

---

[2] Gelsey has not appealed the denial of his MSJ.

Gelsey's MSJ was entered on April 2, 2015. On April 30, 2015, the Association filed a Motion for Attorney's Fees and Costs pursuant to Hawaii Revised Statutes (**HRS**) section 421J-10 (2004).[3]

On June 10, 2015, an order was entered denying Gelsey's Motion to Amend. An order awarding the Association $14,092 in attorney's fees and $650.65 in costs and a judgment in favor of the Association and against Gelsey were also entered on June 10, 2015.

---

[3] HRS § 421J-10 provides, in relevant part:

(a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for:

(1) Collecting any delinquent assessments against any unit or the owner of any unit;

(2) Foreclosing any lien on any unit; or

(3) Enforcing any provision of the association documents or this chapter; against a member, occupant, tenant, employee of a member, or any other person who in any manner may use the property, shall be promptly paid on demand to the association by such person or persons; provided that if the association is not the prevailing party, all costs and expenses, including reasonable attorneys' fees, incurred by any such person or persons as a result of the action of the association, shall be promptly paid on demand to the person by the association. The reasonableness of any attorney's fees paid by a person or by an association as a result of an action pursuant to paragraph (2) shall be determined by the court.

(b) If any member is the prevailing party in any action against an association, any of its officers or directors, or its board of directors to enforce any provision of the association documents or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by the member shall be awarded to the member[.]

. . . .

If a member is not the prevailing party in any court action against an association, any of its officers or directors, or its board of directors, to enforce any provision of the association documents or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by the association shall be awarded to the association, unless the action was filed in small claims court, or, prior to filing the action in a higher court, the owner has first submitted the claim to mediation pursuant to section 421J-13, and made a good faith effort to resolve the dispute under any of those procedures.

On June 18, 2015, the Association filed a Motion for Additional Attorney's Fees and Costs.

Gelsey's notice of appeal was filed by counsel on July 8, 2015.

On August 14, 2015, the Circuit Court entered the Order Awarding Additional Attorney's Fees and Costs Pursuant to HRS 421J-10. The Association was awarded additional attorney's fees of $7,150 and additional costs of $239.66.

## STANDARDS OF REVIEW

Gelsey's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure Rule 28(b)(5) because it does not set forth the standards of appellate review applicable to the Circuit Court's various orders. It is well established that "[a] circuit court's ruling on a motion to dismiss is reviewed de novo." Bank of America, N.A. v. Reyes-Toledo, 143 Hawai'i 249, 256, 428 P.3d 761, 768 (2018). A reviewing court applies the same standard of decision that is to be applied by a circuit court:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. The appellate court must therefore view a plaintiff's complaint in a light most favorable to him or her in order to determine whether the allegations contained therein could warrant relief under any alternative theory. For this reason, in reviewing a circuit court's order dismissing a complaint . . . the appellate court's consideration is strictly limited to the allegations of the complaint, and the appellate court must deem those allegations to be true.

Id., 143 Hawai'i at 257, 428 P.3d at 769.

## DISCUSSION

### A. Motion to Dismiss

Gelsey challenges the Circuit Court's rulings that (1) Gelsey's Complaint was misfiled as a special proceeding because it did "not raise any issues excepted by" HRCP

4

Rule 81(b); and (2) the Complaint failed to state claims against the Association upon which relief could be granted.

### 1.    Incorrect Filing

The Circuit Court accepted the Association's argument that Gelsey's Complaint was misfiled as "a special proceeding under Rule 81(b)" of the HRCP.  Rule 81(b) provides a list of proceedings to which the HRCP apply.  On appeal the Association contends that the Circuit Court "correctly recognized that Mr. Gelsey's Petition was civil in nature and that HRCP Rule 81(b) was inapplicable to the underlying proceedings."

Gelsey's Complaint does not allege that it was filed pursuant to HRCP Rule 81(b), nor does it purport to be one of the proceedings enumerated by that rule.  Rather, it appears to have been docketed as a "Special Proceeding" pursuant to Rule 1 of the Rules of the Circuit Courts of the State of Hawai'i (**RCCH**), which provides:

> All proceedings shall be divided into classes, viz.: CIVIL; CRIMINAL; CONSERVATORSHIP; CONSERVATORSHIP-GUARDIANSHIP; SMALL CONSERVATORSHIP; PROBATE; GUARDIANSHIP; SMALL ESTATE; SMALL GUARDIANSHIP; TRUST; SPECIAL PROCEEDINGS; MECHANIC'S AND MATERIALMAN'S LIEN; AND FAMILY COURT.

(emphasis added).  The HRCP "govern the procedure in the circuit courts . . . in all suits of a civil nature whether cognizable as cases at law or in equity[.]"  HRCP Rule 1.  The docketing of Gelsey's Complaint with a special proceeding number rather than a civil number, and Gelsey's use of the term "petition" in the title of the document, do not affect the legal sufficiency of the pleading.  If a claim for relief is otherwise alleged, substance controls over form.  In re Eric G., 65 Haw. 219, 224, 649 P.2d 1140, 1144 (1982) (misdesignation of action as "special proceeding" and mistaken label of complaint as "Notice of Appeal" did not vitiate clear statement in pleading that proceeding was based on federal statute and dismissal was erroneous).

### 2. Failure to State a Claim Against the Association

"It is well established that Hawai'i is a notice-pleading jurisdiction." Reyes-Toledo, 143 Hawai'i at 259, 428 P.3d at 771. HRCP Rule 8(a) requires only that a complaint set forth "a short and plain statement of the claim" that provides a defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. HRCP Rule 8(f) requires that "pleadings . . . be . . . construed as to do substantial justice." Thus, "[u]nder Hawaii's notice pleading approach, it is 'not necessary to plead legal theories with precision.'" Reyes-Toledo, 143 Hawai'i at 259, 428 P.3d at 771 (brackets and ellipsis omitted) (quoting Leslie v. Estate of Tavares, 93 Hawai'i 1, 4, 994 P.2d 1047, 1050 (2000)). "[W]hether a pleading states evidence, facts, or conclusions of law [is] not dispositive." Id., 143 Hawai'i at 258, 428 P.3d at 770.

The Association argues that Gelsey's Complaint, rather than being "a short and plain statement" of his claim, is a "verbose pleading" that sets forth "no actionable statements of a legally cognizable claim against the Association." The Complaint is in fact a rambling narrative. It begins:

> I request the Court to order contract compliance regarding violations of the Ka Ono Ulu Estates (KOU) governing documents, including the Covenants Conditions & Restrictions (CC&Rs) document, the Design Review Guidelines and related governing documents of this master planned community subdivision.

Other "governing documents" mentioned in the Complaint include the Association's Bylaws, Architectural & Building Design Requirements, and Declaration of Protective Covenants for Ka Ono Ulu Estates. The Association argues that Gelsey improperly sought to require that the Association exercise governmental police powers by enforcing Maui County traffic ordinances dealing with on-street parking and Maui County zoning and building code provisions dealing with single family residences. However, the Complaint - viewed in the light most favorable to Gelsey - also

6

sought a mandatory injunction requiring the Association to enforce (1) requirements in the governing documents that two-story houses have, at a minimum, a 600 square-foot three-car garage with a driveway length of at least sixteen feet, (2) prohibitions in the governing documents against 'ohana rentals, (3) restrictive covenants in the governing documents against the owner of lot 3001, (4) restrictive covenants in the governing documents against the owner of lot 1024, and (5) restrictive covenants in the governing documents against the owners of Lot 1011.  Deeming these allegations to be true, as we must under Reyes-Toledo, 143 Hawai'i at 257, 428 P.3d at 769, Gelsey's Complaint states a claim against the Association upon which equitable relief (such as a mandatory injunction) could be granted.

The Association also argues that the owners of lots 1011, 1024, and 3001 were indispensable parties whom Gelsey failed to join, so that the Complaint should be dismissed pursuant to HRCP Rule 19.  Even if the lot owners were indispensable parties, Gelsey's failure to name them as defendants does not by itself warrant dismissal of the action.  In Life of the Land v. Land Use Comm'n, 58 Haw. 292, 568 P.2d 1189 (1977), the Supreme Court held that

> the circuit court's dismissal of appellants' complaint for failure to join indispensable parties was also erroneous. If, as the circuit court implicitly found, that [sic] there are indispensable parties, these parties should have been joined as parties to the action for declaratory judgment and they have not been so joined, the court should have ordered that they be made parties. If the necessary parties cannot be made parties to the action then the court should "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person(s) being thus regarded as indispensable." Since the record does not indicate that the alleged necessary parties were not subject to service of process, the court's dismissal was premature.

58 Haw. at 298, 568 P.2d at 1194 (citations omitted).

B.    **Motion to Amend**

Because the order granting the Association's MTD is being vacated we need not address the Circuit Court's denial of Gelsey's Motion to Amend.

## C. Attorneys' Fees and Costs

Because we are vacating the order granting the Association's MTD, the Association's motions for awards of attorneys' fees and costs were premature. The Circuit Court's orders awarding attorneys' fees and costs to the Association are vacated, subject to any party's right to request an award of attorneys' fees and/or costs pursuant to HRCP Rule 54(d) at the appropriate time.

## CONCLUSION

The April 2, 2015 order granting Defendant's motion to dismiss and June 10, 2015 judgment entered in the Circuit Court of the Second Circuit are vacated. The June 10, 2015 and August 14, 2015 orders awarding attorneys' fees and costs to the Association are vacated. This case is remanded to the Circuit Court for further proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, December 24, 2018.

On the briefs:

Terrance M. Revere
Andrew D. Chianese,
for Plaintiff-Appellant.

Karin L. Holma
David R. Major,
(Bays Lung Rose & Holma),
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

8